JOSEPH FLEMING vs. WILLIAM ROTHWELL, Ex'r. of GIDEON EMORY, deceased.

Payment of a bond debt, though not legally to be presumed from lapse of time short of twenty years; may, with other circumstances, be inferred in a shorter period.

THIS was an action of covenant.

Nicholas Barlow died, leaving a daughter Bathsheba Barlow, who married first Gideon C. Emory and afterwards Joseph Fleming; Mrs. Fleming was the administratrix of Gideon C. Emory; Harriet Barlow, Bathsheba Barlow, Gideon Emory and Isaac Walker were the executors of Nicholas Barlow deceased. William Rothwell married Ann, the sister and sole heir of Gideon C. Emory. The first administration account on the estate of Nicholas Barlow, was filed by Gideon Emory and Isaac Walker, on the 5th of February, 1816; the second was filed the 8th of April, 1817, by Gideon Emory and Bartholomew Emory; the third by Joseph Fleming and wife and Gideon Emory, on the 3d of June, 1825, and the fourth by the same, on the 15th of March, 1828. This suit was brought November 12, 1828.

It was an action of covenant by G. Emory, reciting that as one of the administrators of Nicholas Barlow, deceased, he had settled the estate with J. Fleming, acting executor in right of his wife, as between said Gideon Emory and Bathsheba Fleming, late Emory, and formerly B. Barlow; and they having passed acknowledgments of such settlement, and as there was money due from his wife, who was administratrix of G. C. Emory, deceased, to W. Rothwell or his heirs, that is, one-half of G. C. Emory's part of his brother Charles Emory's estate, G. Emory covenanted to give him his fees on the settlement of the estate of N. Barlow, deceased, after deducting expenses.

This he gave to Joseph Fleming "to pay to William Rothwell or his heirs, on the claim he holds against Bathsheba Emory, administratrix of Gideon C. Emory, deceased;" and the covenantor further binds himself, his heirs, &c., to pay to Joseph Fleming, his heirs, &c., the balance that is due William Rothwell, or his heirs, from the estate of Gideon C. Emory, deceased, after deducting the fees aforesaid, "so that Joseph Fleming shall lose nothing by paying the claim due from the estate of Gideon C. Emory to William Rothwell, in right of his wife."

On the force and construction of this covenant, it was contended for the defendant, that as the obligation on the part of the estate of Gideon Emory, whatever it was, to pay any thing to Mr. Fleming, accrued at the date of the covenant in 1828, or shortly after; and as Mr. Emory lived till 1837, and there were various settlements between them, up to as late as 1835, when a bond was given by Fleming to Emory for $73, which was paid in 1842, five years after the death of Emory, this was sufficient proof of *payment* of whatever was due under this covenant.

2. That the payment by Fleming to Rothwell in right of his wife, was after her death, and he had no right to receive it without administration on her estate; and Mr. Fleming could not recover against the estate of Gideon Emory, for such a payment. Gideon Emory left four grandchildren, the children of his daughter Ann Rothwell. There was a settlement between Joseph Fleming and Gideon Emory in September, 1835, showing a balance due Emory of $73. Nothing was then said of the present claim, or of any thing left unsettled between them. Mrs. Rothwell, the daughter of Charles Emory, was then dead, and had been dead a great many years.

*Rogers*, to the jury.—No presumption of payment can arise in this case; 1. Because the claim is for damages, and no presumption of payment can arise as to them. 2. There are no circumstances in proof to found such a presumption upon; no presumption of payment can arise in a court of law, in less than twenty years. The date of the covenant is 1828, to secure against a claim of William Rothwell, which he did not enforce until 1837. There was, therefore, no right of action under the covenant until 1837.

2. If the fact of Mrs. Rothwell's death before the payment of this money be important, it ought to have been fully proved. It is

not proved by any one who knew any thing about it; its date is not proved at all, or if at all, it is before the year 1828, the date of the covenant. But what is the construction of the covenant? It has reference to any payment to be made by Joseph Fleming to William Rothwell, on account of this claim, whether as administrator of his wife or otherwise. It recites that there "is money due" from the administrator of Gideon C. Emory to William Rothwell or his heirs; and covenants to indemnify against any money which should be paid Rothwell.

*Rodney.*—The lapse of twenty years would in itself be sufficient evidence of payment, and from which the jury would be *bound* to presume payment; a shorter time, with other circumstances, will *authorize* such presumption. [*Best on Pres.* 120, 45.]

*Bayard.*—We do not go upon the presumption of payment as a legal bar; but on the facts in evidence, of which time is one from which we say the jury may find a payment. What is the construction?—1. A *gift* of the fees. 2. A covenant to pay the balance of a claim for one-half of Charles Emory's estate.

*Charge of the Court.*

HARRINGTON, *Judge:*—This case which appeared to be somewhat involved when first brought to our notice, on account of the different relations of the parties, is not difficult to be understood when we come to a distinct knowledge of the facts.

The action is covenant on a sealed instrument, dated November 12, 1828, by which Gideon Emory, the defendant's trustee, bound himself to indemnify Joseph Fleming, the plaintiff, against a certain liability he was under, or might come under, to pay a certain claim to William Rothwell. To understand the origin of this covenant, and also its object, it is necessary to inquire into the relations of the parties and their position towards each other.

It appears that on the decease of a certain Nicholas Barlow, Hannah Barlow his widow, Bathsheba Barlow his child, Gideon Emory and Isaac Walker became his executors. Bathsheba Barlow, one of the executors married Gideon C. Emory, a son of Gideon Emory; and after his death, which seems to have taken place very soon, this lady administered on his estate and afterwards married Mr. Joseph Fleming, the plaintiff in this action. Mr. Fleming became by this marriage involved in the settlement not only of Gideon C. Emory's estate, but also of Nicholas Barlow's estate; and co-executor of that estate with Mr. Gideon Emory, the father; and he

and Gideon Emory seem to have been the *acting* executors of that estate. This connection as executors of Nicholas Barlow produced the settlement between Fleming and Gideon Emory referred to and recited in the instrument which is the foundation of this action; and in which it is stated that they had mutually passed acknowledgments of such settlement.

There is another matter stated in the recital of this instrument, which is, that there was a sum of money due from Mr. Fleming's wife, as the administratrix of Gideon C. Emory, to William Rothwell, in right of his wife, being the one-half of Gideon C. Emory's part of his brother Charles Emory's estate.

William Rothwell married Ann Emory, the sister of Gideon C. and Charles Emory, both of whom seem to have died without issue ; Charles Emory dying first. On the death of Charles Emory, William Rothwell, in right of his wife, was entitled to one-half of his estate, and Gideon C. Emory to the other half; and on the death of Gideon C. Emory without issue, Rothwell became entitled to receive of Fleming, who had married the widow, the other half; and this appears to be the claim referred to in the recital of this instrument. But this widow was Gideon Emory's daughter-in law, and the claim arose on account of her first husband Gideon Emory's son; under these circumstances Gideon Emory covenanted with Mr. Fleming, first, to give him his part of the fees on the settlement of Nicholas Barlow's estate, to go towards the payment of this claim of Rothwell, and secondly, to pay to Mr. Fleming the balance due Rothwell from the estate of Gideon C. Emory, so that Fleming should lose nothing by paying that claim.

This action is for a breach of these covenants. The plaintiff alledges he has paid to Mr. Rothwell the sum of $424 20, which was due to him in right of his wife, from the estate of Gideon C. Emory, which the estate of Gideon Emory is bound by the force of this covenant to repay him.

The first thing is to ascertain the extent of the covenants. 1. The first is to give Fleming the amount of Gideon Emory's share of the fees on settlement of Nicholas Barlow's estate, to go towards the payment of Rothwell's claim. 2. The second is to pay Fleming the *balance* due to Rothwell in right of his wife, from the estate of Gideon C. Emory, so that Fleming shall lose nothing by paying that claim to Rothwell.

If the case stood upon the recital alone that there was money

due from Mrs. Fleming as administratrix of Gideon C. Emory, to Rothwell, that is, one-half of Gideon C. Emory's part of Charles Emory's estate, we should say that the extent of this covenant was to pay only the balance of what was shown to be due from *Charles* Emory's estate, after deducting the administration fees due old Mr. Emory; but the second covenant, and the whole instrument, especially the concluding clause, satisfies us that the true construction of this covenant is, that Gideon Emory bound himself to repay to Fleming any balance due to William Rothwell, from the estate of *Gideon C.* Emory; so that, in the language of the instrument itself, " Joseph Fleming shall lose nothing by paying the claim due from the estate of Gideon C. Emory to William Rothwell, in right of his wife." The jury will inquire then as to the amount of fees due on the settlement of Nicholas Barlow's estate, to which Gideon Emory was entitled, and what was the balance of the claim due to Rothwell. Also, at what time Joseph Fleming became entitled to call on Gideon Emory to indemnify him against this claim.

The defence set up, independent of a construction of the instrument, on which we have already remarked, is: 1. That as this claim of William Rothwell was in right of his wife, who is proved to have been dead in 1835, the plaintiff was not bound to pay it to him, and he could not have recovered it, without taking out letters of administration on his deceased wife's estate; and, as he could not have recovered it, the plaintiff's payment to him was in his own wrong, and does not give him a right of action on this covenant. We think differently. The covenant of Gideon Emory was not to pay to Fleming what should be, or even what *could* be, legally recovered of him by Rothwell; for then he never could have paid any thing without a suit at law; but it was to pay him what *was due* to Rothwell, so that he should lose nothing by paying that *claim.* Now this sum, by an act of assembly, was *due* to William Rothwell on the death of his wife; as much due to him before as after administering on his wife's estate, for the fact that it is so due to him entitles him to the administration; though it is perfectly true that he could not *recover* it by a suit at law without administering. But this covenant of Gideon Emory does not confine itself to the amount which might be recovered at law against Fleming; it speaks of the matter as a *claim,* as something which was already due, and it binds the covenantor to repay to Fleming whatever sum he should pay Rothwell on account of this claim, so that this sum was *due to him*

from the estate of Gideon C. Emory, and in right of his wife. Whatever sum, therefore, the plaintiff has shown that he paid to Rothwell, which was due to him on this account, he is entitled to recover back from the estate of Gideon Emory under this covenant.

2. The next defence, and perhaps the principal one in this case, arises under the plea of payment.

On this subject there is now no difference between the counsel as to the law; the concluding counsel agreed that the principles stated by the other side were the same with his, namely that there was no such lapse of time in this case as would amount to a legal presumption of payment; while they both agree that time may be regarded with the other facts in the cause, such as the condition and relation of the parties, the settlement of accounts, the existence and settlement of bonds and other matters of fact presented to the jury, as actual proof of payment. It is not for us to comment on the force, or want of force, of any such evidence in this cause. The facts are with the jury. Whatever balance you find to have been due from the estate of Gideon C. Emory to William Rothwell, in right of his wife, after applying Gideon Emory's share of the administration fees of Nicholas Barlow's estate; if Joseph Fleming has paid that balance to Rothwell, and the evidence does not satisfy the jury it has been repaid to him by Gideon Emory, he is entitled to recover it from Gideon Emory's estate, under the covenants which he has sued upon in this action.

Exception prayed and granted.

The plaintiff had a verdict for $419 20.

*Rogers*, for plaintiff.
*Rodney* and *Bayard* for defendants.